### No. 12,984.

50 1183
115 966

### THE STATE OF LOUISIANA VS. ALBERT TATE.

The *proces verbal* of the finding of a coroner's jury is competent evidence to show the fact of a homicide having been committed, but the recitals of fact therein contained can not go to the jury. They are objectionable as hearsay testimony.

APPEAL from the Twentieth Judicial District Court for the Parish of Ascension. *Guion, J.*

---

*M. J. Cunningham,* Attorney General, and *G. A. Gondran,* District Attorney, for Plaintiff, Appellee.

---

*John Marks* for Defendant, Appellant.

---

Submitted on briefs December 10, 1898.
Opinion handed down December 19, 1898.

---

The opinion of the court was delivered by

WATKINS, J. The defendant prosecutes this appeal from a verdict convicting him of the crime of murder, and a sentence to the extreme penalty of the law, relying upon a single bill of exceptions which presents the question of the admissibility of a *proces verbal* of the coroner's inquest for the purpose of establishing the fact of the death of the deceased.

The bill of exceptions relates that the State offered the *proces verbal* of the finding of the coroner's jury for the purpose of proving

the fact of the death of the deceased, whereupon counsel for the defendant objected to its introduction on the ground that it contained an assertion that deceased came to her death by means of the shot fired by the accused, and that same was inadmissible as hearsay evidence.

The trial judge assigns as his reasons for overruling the objection and admitting the evidence that he stated to the jury that the inquest proceedings served no other purpose than to establish the fact of the death of the person alleged to have been slain, and he instructed the jury that they should disregard all other statements that it might contain.

And he further states that, "in point of fact, however, the inquest was not read to the jury at any stage of the trial, and what it contained could not have influenced their verdict."

We are of opinion that the *proces verbal* of the finding of a coroner's jury is competent evidence tending to establish the fact of a homicide, and that other recitals therein contained could not have possibly exercised any influence on the jury prejudicial to the accused, if same was neither exhibited to them nor read in their hearing.

A motion for new trial on the sole ground that the verdict is contrary to law and evidence presents merely a question of fact of which this court can take no cognizance.

Judgment affirmed.

NICHOLLS, C. J., absent.